Richard S. Heller, J.
This claim for personal injuries alleges negligence by the State in permitting the floor of the south mess hall of the Elmira Reformatory to become wet and slippery.
Claimant was an inmate on April 17, 1957, and part of his duties in the mess hall was to serve meals and later to clean up the tables and floor. Claimant stated that as he was bringing two cans of hot coffee to the table he slipped in water on the floor, fell, and was severely burned when the coffee spilled on him. Claimant further stated that at breakfast on the same day he noticed one of the water pitchers was leaking and that he notified one of the attendants of this defect. He further believes that the same pitcher was on the table at the time of the accident and that water had leaked from the pitcher to the table and then to the floor.
One of the inmates who had observed the accident stated that one of the coffee cans struck the edge of the table as it was being lifted by the claimant and that it spilled on him causing the falling and further spilling that followed. While claimant acknowledges that the can hit the table, he contends that the accident would not have happened if he had not slipped first.
While it is probably true that claimant must perform his duties without choice, there is nothing to show that he was incapable of doing his work or that it was done under any unusual circumstances. He was instructed in his duties, which were exceedingly simple, and he knew the problems involved. Care in the handling of hot liquids was part of his instruction. If he chose to be careless, he cannot shift his negligence to the State and recover.
It is the opinion of the court that the State was not negligent, that it did provide a reasonably safe place for the claimant to work and that the accident, with the resulting injuries, was caused solely by the carelessness of the claimant.
The motion made by the Attorney-General for dismissal at the close of the case is granted and the claim is dismissed.
The foregoing constitutes the written and signed decision of the court upon which judgment may be entered. (Civ. Prac. Act, § 440).
Let judgment be entered accordingly.